UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDI DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| JOSHUA DUVALL | ) | |
| NATHAN DUVALL | ) | ADMINISTRATIVELY CONSOLIDATED |
| JAIME DUVALL | ) | |
| | ) | |
| Debtors | ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the Application to Authorize Debtors to Employ Attorneys *Nunc Pro Tunc* Seiller Waterman LLC ("SW") as counsel for Debtors Joshua Duvall and Brandi Duvall ("Debtors"). The Court considered the Debtors' Application, the Objection to the Application filed by Mark Little, the Chapter 12 Trustee for the Debtors' herein, the Objection to the Application filed by Michael E. Wheatley, the Chapter 12 Trustee for Debtors Nathan Duvall and Jaime Duvall, the Objection to the Application filed by the United States Trustee ("UST"), and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Debtors' Application to Employ Attorneys *Nunc Pro Tunc* SW.

### PROCEDURAL AND FACTUAL BACKGROUND

On December 10, 2019, Debtors filed their Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code.

Also on December 10, 2019, Nathan Duvall and Jaime Duvall, the brother and sister-in-law of Debtor Joshua Duvall, filed their Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code, Case No. 19-11273.

Attorney David Cantor of SW represented both sets of Debtors in the preparation and filing of their Petitions.

On December 23, 2019, both of the Duvall cases were administratively consolidated under Case No. 19-11272.

On December 16, 2019, the Debtors in each case filed an Application to Authorize the Employment of SW as attorneys for the Debtors, *Nunc Pro Tunc*, seeking an Order authorizing the employment back to the date of the filing of the Petition. The Applications were brought pursuant to 11 U.S.C. §§ 330(a)(4)(B).

Debtors' Applications state that SW informed Debtors that it had "no connection with Debtors, their creditors or other parties-in-interest in this case, other than SW is also counsel for Joshua Duvall's brother and sister-in-law in their Chapter 12 case . . .," that it does not hold or represent any interest adverse to the Debtors' estates' in the matters upon which the firm is to be engaged, and it is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code.

The Schedules in both cases reveal that Debtors Joshua and Nathan Duvall are partners in a family farming operation and receive income from a general partnership called D & D Farms. They also receive income from another farming operation d/b/a Duvall Farms.

Each of the Debtors in the two cases, also receive income from wages earned from outside employment. They also each own personal property separately.

Debtors Joshua and Brandi Duvall's Schedules show secured debt totaling $7,086,200 and 16 creditors. They also list six secured creditors having joint obligations with Debtors Nathan and Jaime Duvall. Debtors Joshua and Brandi Duvall have substantial rental income and wages from outside employment.

Debtors Nathan and Jaime Duvall's Schedules show secured debt of $5,136,060 and twelve creditors.

## LEGAL ANALYSIS

Employment of professionals in bankruptcy cases is, in general, covered by 11 U.S.C. § 327. Case law recognizes § 327's applicability in Chapter 12 cases. *See In re Swenson*, 2013 WL 3776318 (Bankr. D. Kansas 2013); *In re Brown*, 354 B.R. 535, 539 (Bankr. N.D. Okla. 2006). SW's Application is made pursuant to 11 U.S.C. § 330(a)(4)(B), which states,

> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Subsection (4)(A) of § 330, states the general rule that compensation shall not be allowed when the services were not likely to benefit the debtor's estate. However, subsection (4)(B) specifically provides for an exception where the debtor is an individual in a Chapter 12 or Chapter 13 case. In such cases compensation may be allowed for services which benefit the debtor. *In re Swenson*, 2013 W.L. 3776318, at 3. However, nothing in § 330 removes the requirement of approval of the court for employment under 11 U.S.C. § 327, as a condition for compensation for services of counsel for the debtor-in-possession. *Id.*

SW must first meet the requirements of 11 U.S.C. § 327 for employment before it can seek compensation under 11 U.S.C. § 330(a)(4)(B). Under Section 327(a), the professional may be employed as long as they do not hold or represent an interest adverse to the estate and are disinterested persons to assist the trustee in carrying out the trustee's duties under that title. An "interest adverse to the estate," pursuant to Section 327(a) is the same as an "actual conflict of

interest," pursuant to Section 327(c). *In re Midway Motors Sales, Inc.*, 355 B.R. 26, 33 (Bankr. N.D. Ohio 2006). While the burden of proof in seeking disqualification of opposing counsel is on the party seeking disqualification, a professional seeking appointment under Section 327 bears the initial burden of proof that they meet all qualifications of the statute in order to obtain appointment.

In determining whether an actual conflict exists, courts generally apply a factual analysis. *In re Bullitt Utilities, Inc.*, 558 B.R. 181, 184 (Bankr. W.D. Ky. 2016). Courts look to whether there is any "active competition between two interests, in which one interest can only be served at the expense of the other." *In re M & P Collections, Inc.*, 599 B.R. 7, 11 (Bankr. W.D. Ky. 2019).

The UST contends that an actual conflict exists here because SW, by representing Joshua and Nathan, both partners in a general partnership, will have to advise both of the general partners as well as the partnership as a whole. The UST contends that SW's representation in advising both parties creates an actual current conflict and requires disqualification from the joint representation.

The Court acknowledges that the interest of each Debtor as partners in the general partnership may overlap in management decisions for the general partnership. However, the Court has not been presented with any concrete evidence that at the current time, such an actual conflict exists.

While the potential for an actual conflict may arise later, at the present time it does not exist. A potential conflict does not require disqualification. *M & P Collections*, 599 B.R. at 12. The Chapter 12 Trustees herein claim that since there are different creditors in each case, this may cause a conflict of interest for Debtors' counsel with respect to how claims are handled. It is important to note, however, that here, each estate has a Chapter 12 Trustee in place. The appointment of the

Trustees serves to minimize the detriment to creditors in the claims process and provides a mechanism whereby the Trustees can seek redress from the Court should such problems arise.

In *M & P Collections, Inc.*, 599 B.R. 7 (Bankr. W.D. Ky. 2009), the court rejected a brightline rule requiring the disqualification of counsel. Judge Stout determined that where attorneys represent multiple debtors in a jointly administered case and one debtor owes another debtor a sum of money, there is no actual conflict in existence. Thus, there is no reason to decline the Application of SW on the "mere possibility that a conflict may arise at some point in the future." Id. at 12.

The Debtors herein have partnered in farming for years. This is not a situation where there is active competition between the Debtors or where the interest of one can only be served at the expense of another as required in *Midway Motors*, 355 B.R. at 33. Therefore, the Court will adopt a "wait and see" approach as adopted by the court in *M & P Collections*.

The objections of the UST and the Chapter 12 Trustees will be overruled without prejudice. Should an actual conflict arise, the parties may assert their objections at that time. As was the process in *M & P Collections*, the Court will require SW to notify the Court should an actual conflict of interest arise and the Debtors' interests are no longer aligned.

## CONCLUSION

For all of the above reasons, the Court will approve the Application to Authorize Debtors to Employ Attorneys *Nunc Pro Tunc* Seiller Waterman, LLC as counsel for Debtors Joshua Duvall and Brandi Duvall. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

*Joan A. Hoyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 25, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDI DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| JOSHUA DUVALL | ) | |
| NATHAN DUVALL | ) | ADMINISTRATIVELY CONSOLIDATED |
| JAIME DUVALL | ) | |
| | ) | |
| Debtors | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application to Authorize Debtors to Employ Attorneys *Nunc Pro Tunc* Seiller Waterman, LLC as counsel for Debtors Joshua Duvall and Brandi Duvall, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the objections of the United States Trustees and the Chapter 12 Trustees are **OVERRULED WITHOUT PREJUDICE**. Should an actual conflict arise at a later time, the UST and the Chapter 12 Trustees may assert their objections at that time.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that SW shall notify the Court should an actual conflict of interest arise and Debtors' interests are no longer aligned.

*[Signature]*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 25, 2020