UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| BRANDI DUVALL | ) | |
| NATHAN DUVALL | ) | ADMINISTRATIVELY CONSOLIDATED |
| JAIME DUVALL | ) | |
| | ) | |
| Debtors | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Applications for Allowance of Interim Compensation and Reimbursement of Expenses for Counsel for Debtors, Nathan Duvall and Jaime Duvall (Dkt. 119) and Joshua Duvall and Brandi Duvall (Dkt. 120), (hereinafter referred to as "the Applications"), by their attorney David M. Cantor on behalf of Seiller Waterman, LLC ("SW"). The Court reviewed the Applications, the Objections to the Applications filed by Creditors Nutrien AG Solutions, Inc. ("Nutrien") (Dkt. 134) and Farm Credit Mid-America, PCA ("Farm Credit") (Dkt. 135), and the comments of counsel at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Applications.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 10, 2019, Debtors Joshua and Brandi Duvall filed their Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code, Case No. 19-11272.

On December 10, 2019, Debtors Nathan and Jaime Duvall, filed their Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code, Case No. 19-11273.

On December 16, 2019, SW filed its Application to be Employed *Nunc Pro Tunc* as counsel for the Debtors in both cases.

On December 23, 2019, both bankruptcy cases were consolidated for administrative purposes under Case No. 19-11272.

On February 25, 2020, SW filed its Applications for Interim Compensation in both cases.

On March 17, 2020, Nutrien and Farm Credit each filed Objections to the Applications.

On March 25, 2020, this Court entered a Memorandum-Opinion granting the Application of SW to represent the Debtors in their respective cases. The Court's Order approving SW's employment overruled the Objections of the United States Trustee, and the two Chapter 12 Trustees appointed in the Debtors' cases.

## **LEGAL ANALYSIS**

Nutrien and Farm Credit initially objected to the Debtors' Applications because the Debtors' Motions to Employ SW as attorneys for the Debtors, *Nunc Pro Tunc*, had not been ruled upon by the Court at the time the Applications were filed. The Court, through its Memorandum-Opinion entered March 25, 2020 approved SW's Applications to be employed *Nunc Pro Tunc*, mooting this basis for the Creditors' Objection to the Applications.

Debtors' Application for Interim Allowance of Attorney's Fees and Reimbursement of Expenses was made pursuant to 11 U.S.C. § 330(a)(4)(B) which provides:

> In a chapter 12 case or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtors or in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section.

Interim compensation is governed by 11 U.S.C. § 331 and its requirements must be complied with in order for professionals employed by the estate to receive interim payment for fees and expenses. Section 331 permits a debtor's attorney to apply to the court not more than once every 120 days after the order for relief is entered and after notice and a hearing. These requirements of the statute have been followed in this case.

Creditors contend that Debtors failed to establish that the estates were financially able to pay the requested fees and that no Chapter 12 Plan has been filed or approved by the Court. While the Court may award fees and expenses on an interim basis, it may defer all or part of the payment of compensation if there are insufficient assets to pay administrative claims. However, Courts also recognize that § 331 ensures competent and qualified counsel will be able to represent debtors without fear that they "will be driven to the brink of financial ruin while awaiting payment for their services." *In re ACT Mfg., Inc.*, 281 B.R. 468, 474 n.7 (Bankr. D. Mass. 2002). In the case of *In re Hirsch*, 550 B.R. 126, 144 (Bankr. W.D. Mich. 2016), the Court addressed the issue of interim compensation and suggested that requests for interim compensation should be made with regularity to ensure that the debtor and the trustee are aware of the amounts that need to be paid during the course of the case.

In the Sixth Circuit, the Bankruptcy Appellate Panel has stated that interim compensation remains modifiable throughout the case. In *Dean v. Lane (In re: Lane)*, 598 B.R. 595, 598 (B.A.P. 6th Cir. 2019). "An order on interim fees becomes final when it is no longer subject to modification by the bankruptcy court." *Id.*, quoting *In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991). It is considered an advance on a later-determined total fee award. *Lane*, 598 B.R. at 598.

The Court is aware of the creditor's concern, but at this stage of the proceeding, the Court does not find sufficient cause to deny the Applications. The Applications contained detailed billing records of the Debtor's counsel's work performed in this case. These are complex Chapter 12 cases requiring a tremendous amount of work at the outset of the case involving a large amount of assets and many creditors with complicated lien priority claims resulting in adversary proceedings. Creditors state that a cursory review of the billings in support of the claimed legal fees were incurred as a result of Debtors' pending criminal contempt matters. Creditors do not point to any specific time entries in support of these claims. Debtors' counsel did have to consult with Debtors' criminal counsel as such matters bear on the bankruptcy cases. Furthermore, considering the complexity of the Debtors' Chapter 12 cases, and based upon review of the detailed billing records provided, the requested Interim Applications comply with 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code and should be granted.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order **GRANTING** the Debtors' Applications for Allowance of Interim Compensation and Reimbursement of Expenses for counsel for Debtors, Nathan Duvall and Jamie Duvall and Joshua Duvall and Brandi Duvall. An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd<br>
United States Bankruptcy Judge<br>
Dated: June 10, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| BRANDI DUVALL | ) | |
| NATHAN DUVALL | ) | ADMINISTRATIVELY CONSOLIDATED |
| JAIME DUVALL | ) | |
| | ) | |
| Debtors | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Applications for Allowance of Interim Compensation and Reimbursement of Expenses for counsel for Debtors, Nathan Duvall and Jaime Duvall and Joshua Duvall and Brandi Duvall, be and hereby are, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 10, 2020